| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-08832-CAS(AGRx) | Date | August 8, 2017 |
| Title | UNITED STATES OF AMERICA v. MOBILE XL, LLC ET AL. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Catherine Jeang | Not Present | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) - UNITED STATES OF AMERICA'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Dkt. 29, filed June 22, 2017)

## I. INTRODUCTION & BACKGROUND

On or around May 9, 2008, Mobile XL, LLC sought and obtained a loan from Merchants Bank of California ("Merchants Bank"). Dkt. 1 ("Compl.") ¶ 7 ("2008 Loan"). The 2008 Loan was issued in the amount of $250,000 with an initial variable interest rate of 7.5 percent. Id. ¶ 9. The Small Business Administration ("SBA") guaranteed the line of credit issued by Merchants Bank. Id. ¶ 8. A promissory note was executed pursuant to the 2008 Loan. Id. ¶ 7 & Ex. 1 ("2008 Note"). Guy Kamgaing-Kouam signed the 2008 Note as Manager of Mobile XL, LLC and executed a guaranty of the 2008 Note in his individual capacity ("Kouam 2008 Guaranty"). Id. ¶¶ 10–11 & Ex. 2.

On or around May 9, 2009, Mobile XL, Inc. sought and obtained a loan from Merchants Bank ("2009 Loan"). Id. ¶ 17. The 2009 Loan was issued in the amount of $250,000 with an initial variable interest rate of 5.75 percent. Id. ¶ 19. A promissory note was executed pursuant to the 2009 Loan. Id. ¶ 17 & Ex. 3 ("2009 Note"). Kouam signed the 2009 Note as President of Mobile XL, Inc. Id. ¶ 20.

On or around December 7, 2011, Merchants Bank assigned the 2008 Note, the 2009 Note, and the Kouam 2008 Guaranty (collectively, the "Documents") to the SBA. Id. ¶¶ 16, 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-08832-CAS(AGRx) | Date | August 8, 2017 |
| Title | UNITED STATES OF AMERICA v. MOBILE XL, LLC ET AL. | | |

On November 29, 2016, plaintiff United States of America, on behalf of the SBA, initiated this action against defendants Mobile XL, LLC, Mobile XL, Inc., and Kouam, alleging that defendants failed to repay loans issued by the SBA. See generally Compl. The government alleges that defendants have failed to pay the SBA pursuant to the Documents. Id. ¶¶ 14, 15, 23.

On February 9, 2017, defendants each executed a Waiver of Service of Summons, whereby they agreed to respond to the Complaint by March 13, 2017. Dkts. 9, 10, 11. On March 13, 2017, plaintiff and Kouam stipulated to extend the deadline for Kouam's answer to April 12, 2017. Dkt. 14.

Mobile XL, LLC and Mobile XL, Inc. (collectively, "the corporate defendants") did not file an answer by March 13, 2017. Therefore, on March 20, 2017, plaintiff requested and the Clerk entered a default against the corporate defendants. Dkt. 16. On April 12, 2017, plaintiff and Kouam stipulated to extend the deadline for Kouam's answer to May 12, 2017. Dkts. 17, 18. On May 30, 2017, Kouam filed an answer to the Complaint. Dkt. 23.

On June 22, 2017, the United States filed the instant motion for default judgment against the corporate defendants. Dkt. 29. The government seeks a default judgment against the corporate defendants in the amount of $323,510.54, comprised of $241,388.63 in principal owing and $82,121.91 in fees. Id. 2–3.

The Court held oral argument on July 31, 2017 and defendants did not appear. At oral argument, counsel for the United States asserted that the 2008 Note was "converted into" and "rolled into" the 2009 Note.

On July 31, 2017, because the Court could not discern whether Kouam also served as the guarantor on the 2009 Note, the Court directed the United States to provide an answer to that question. Dkt. 38.

On August 4, 2017, the United States provided an answer to the Court's inquiry. Dkt. 39 ("Supp."). The government clarified that, on or about May 9, 2009, Kouam executed a guaranty of the 2009 Note in his individual capacity. Id. at 2 & Ex. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08832-CAS(AGRx) | Date | August 8, 2017 |
| Title | UNITED STATES OF AMERICA v. MOBILE XL, LLC ET AL. | | |

Having carefully considered the government's arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, No. 03-cv-6387-DT-RC, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

## III. DISCUSSION

When default judgment is sought on a claim involving multiple defendants, "the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties *only* if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P 54(b) (emphasis added). The leading case here is Frow v. De La Vega, 52 U.S. 552 (1872). In Frow, the plaintiff filed a complaint against several defendants alleging joint conspiracy to defraud. Id. at 552–53. One defendant failed to formally appear. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-08832-CAS(AGRx) | Date | August 8, 2017 |
| Title | UNITED STATES OF AMERICA v. MOBILE XL, LLC ET AL. | | |

When the plaintiff sought a default judgment as against all the defendants, the Supreme Court held that "a final decree on the merits cannot be made separately against one of several defendants upon a joint charge against all, where the case is still pending as to the others." Id. at 554. The Court expressed the concern that entering default judgment in cases where defendants are jointly liable might cause "incongru[ent]" results that are "unauthorized by the law." Id. The Ninth Circuit has interpreted Frow as follows: "[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Investment, Inc., 253 F.3d 520, 532 (9th Cir. 2001) (finding Frow equally applicable in circumstances where the non-defaulting and defaulting defendants are "jointly and severally liable," or even "similarly situated"); see also United States Small Bus. Admin. v. Rocket Ventures II, L.P., No. 10-cv-04425-JSW, 2013 WL 4835371, at *15 (N.D. Cal. Sept. 10, 2013) ("Frow's applicability turns on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform." (quotation marks omitted)); Employee Painters' Tr. v. Cascade Coatings, No. 12-cv-0101-JLR, 2014 WL 526776, at *3 (W.D. Wash. Feb. 10, 2014) (finding it inappropriate to grant a default judgment where the plaintiff's complaint alleged that defendants were jointly and severally liable).

The United States seeks the very type of default judgment that Frow counsels against. Courts have applied Frow in similar circumstances where a lender has sought a default judgment against borrowers and guarantors, some of whom had not defaulted. See, e.g., Branch Banking & Tr. Co. v. Poplar Dev. Co., LLC, No. 05-12-cv-457-CAR, 2013 WL 2367963, at *1 (M.D. Ga. May 29, 2013) (denying motion for default judgment against defaulting guarantor that was "jointly and severally" liable for the entire unpaid amount on a promissory note with other non-defaulting guarantors, due to "the possibility of inconsistent judgments should" the borrower and non-defaulting guarantors "successfully defend" against the plaintiff's claims); Bank of the Ozarks v. Arco Cmty. Outreach Coal., Inc., No. 12-cv-017, 2013 WL 164421, at *2 (S.D. Ga. Jan. 15, 2013) (applying Frow and staying default judgment as against the defaulting borrower pending determination of non-defaulting guarantors' liabilities, while recognizing the possibility that the guarantors may be found not liable even if the borrower is liable);[1] see also W.

---

[1] The Ninth Circuit, like the Eleventh Circuit, liberally applies Frow when defendants are jointly and severally liable *and* when defendants are similarly situated. See In re first T.D., 253 F.3d at 532–33 (following the Eleventh Circuit in "extend[ing]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08832-CAS(AGRx) | Date | August 8, 2017 |
| Title | UNITED STATES OF AMERICA v. MOBILE XL, LLC ET AL. | | |

Sec. Bank v. Powerhorse Lockwood Irrigation Corp., No. 01-cv-2032, 2001 WL 180067, at *1 (N.D. Ohio Feb. 21, 2001) (in a default judgment action against four guarantors on a note, two of whom defaulted, finding that, although it was conceivable that the guarantors could assert individual defenses, "it appear[ed] more likely . . . that the outcome on the merits as to all four guarantors w[ould] be the same").

      As stated above, plaintiff alleges that Mobile XL, LLC and Kouam are jointly and severally liable for the full amount of damages as a result of the default on the 2008 Note. Compl. ¶ 29. Kouam is the guarantor on the 2008 and 2009 Notes and is responsible to pay on them in the event that the corporate defendants default. See Motion, Ex. 2; Supp., Ex. 4. Kouam has denied many of the government's allegations. See Answer at 1–2. It appears that Kouam does not assert any affirmative defense that is *not* derivative of the defenses that the corporate defendants might raise. See Answer at 5. Accordingly, default judgment against the corporate defendants would result in inconsistent obligations should Kouam succeed in a potential defense against the government's claim. See In re First T.D., 253 F.3d at 532 (finding that judgment against defaulting defendants was "incongruous and unfair" where transactions between defaulting and non-defaulting defendants "followed an identical pattern with almost identical legal documents"); Unilin Beheer B.V. v. NSL Trading Corp., No. 14-cv-02210-BRO-SS, 2014 WL 12577061, at *3 (C.D. Cal. Oct. 2, 2014) (finding that "the claims, facts, and legal theories" in the case suggest there may be a potential for inconsistent rulings as between the defaulting and non-defaulting defendants); Rocket Ventures, 2013 WL 4835371, at *15 (finding that, although the answering defendants "may raise purely individual defenses . . . , they may also raise defenses" that involve the defaulting-defendants and thus, default judgment is inappropriate).

      Following Frow and its progeny, the Court finds that entering default judgment against the corporate defendants would be inappropriate at this time.

---

the rule in Frow to apply to defendants who are similarly situated, even if not jointly and severally liable." (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1512 (11th Cir. 1984))).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:16-cv-08832-CAS(AGRx) | Date | August 8, 2017 |
| Title | UNITED STATES OF AMERICA v. MOBILE XL, LLC ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** the United States' motion for default judgment as against the corporate defendants.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |